**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL WIDMER, # B-30985,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00788-GPM** |
| | ) | |
| **MARC HODGE, MATT FREEMAN,** | ) | |
| **BRIAN STAFFORD, CHAD JENNINGS,** | ) | |
| **GREGG BROOKS, JEFF STRUBHART,** | ) | |
| **and RICHARD HARRISON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael Widmer, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 5-year sentence for intimidation and two 4-year sentences for obstructing justice and fleeing a police officer. Plaintiff claims that during his incarceration at Lawrence Correctional Center ("Lawrence"), Defendants retaliated against him and violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks declaratory judgment, injunctive relief, and money damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff complains of two separate acts of retaliation.  The first involves a bad deal he struck with Defendants Hodge (Lawrence's warden) and Strubhart (Lawrence grievance officer).  Plaintiff claims that they promised to transfer him to Jacksonville Correctional Center ("Jacksonville"), if he agreed to withdraw thirty-three grievances he filed against them and two other Lawrence officials (Doc. 1, p. 7).  Plaintiff upheld his end of the deal and formally withdrew the grievances (Doc. 1, pp. 24-25).  In exchange, Defendants Hodge and Strubhart requested Plaintiff's transfer to Jacksonville, but the request was denied due to a lack of bed space (Doc. 1, p. 26).

A second incident occurred soon thereafter.  On May 15, 2013, Defendants Stafford (Lawrence correctional officer) and Freeman (Lawrence internal affairs officer) cited Plaintiff for using threats or intimidation in a letter he wrote to a friend (Doc. 1, p. 5).  Plaintiff submitted a copy of this disciplinary report along with the complaint (Doc. 1, p. 9).  It states, in pertinent part:

> On the above date and approximate time while assigned to Internal Affairs, this R/O was in the Mail Room reviewing Inmate mail.  This R/O observed an outgoing letter from I/M Widmer #B30985. . . . The letter contained the following threats verbatim. 'Dear Gene, Hello Sir, I hope all is well with you.  I enclosed a copy of the letter my lawyer sent to that Cu[*]t who stole my money.  She needs her f[**]king head cut off with a chainsaw.  Prison is making me pi[**]ed off.  I hate N[***]ERS and want to cut off their heads to[o]. . . .

 (Doc. 1, p. 9).  Plaintiff does not dispute the accuracy of the quote or deny making the statements in the complaint.

He instead takes issue with the statements that Defendants Stafford and Freeman made to him when issuing the ticket.  They stated, among other things, that they "were tired of [him] writing grievances on staff" (Doc. 1, p. 5).  They referred to an earlier grievance Plaintiff wrote

2

challenging a disciplinary report Defendant Freeman issued against Plaintiff for disobeying an order not to communicate with the mother of Plaintiff's children.

On May 22, 2013, Plaintiff attended a hearing before Lawrence's adjustment committee (Doc. 1, p. 6).  Five days before the hearing, Plaintiff sought permission to call several witnesses.  He also requested help preparing his defense.  Defendants Jennings and Brooks, two members of the adjustment committee, denied both requests.  Plaintiff claims that they also refused to consider a written defense Plaintiff submitted on the day of the hearing, although the adjustment committee report that was filed with the complaint includes a summary and quotes from the written defense (Doc. 1, p. 10).  In addition, Plaintiff alleges that they refused to contact his treating physician and mental health counselor to determine his mental health status, despite learning that Plaintiff was on his eighth day of a hunger strike and third day of crisis watch on the hearing date.

Defendant Jennings and Brooks found Plaintiff guilty of using intimidation and/or threats (Doc. 1, p. 6).  Defendant Jennings told Plaintiff he heard Defendant Hodge wanted Plaintiff to receive the maximum punishment for the offense so he would be transferred from Lawrence.  Accordingly, Defendants Jennings and Brooks recommended the maximum punishment of six months in segregation, six months of C-grade, and a six-month loss of good-time credits.  Defendant Hodge approved the report and recommendation on May 30, 2013.

Plaintiff has been confined in segregation since May 15, 2013.  There, he has been exposed to what he considers to be "horrible conditions."  These conditions include, but are not limited to, a denial of hygiene products, food, cleaning supplies, and medical treatment, which he indicates are more fully described in another pending action, i.e., *Widmer v. Page et al.*, No. 13-

cv-663 (S.D. Ill. July 11, 2013).[1]  Plaintiff suffers from daily headaches, among other things, as a result of these conditions.  At the time he filed this lawsuit, he had also not been allowed to visit with his daughter.  Plaintiff has submitted three emergency grievances to Defendant Hodge and two grievances to Defendant Strubhart.  Both defendants have ignored Plaintiff's grievances.

Plaintiff was transferred from Lawrence to Menard on June 19, 2013 (Doc. 1, p. 7).  In the complaint, he alleges that Defendant Harrison, Menard's warden, continues to enforce the punishment Plaintiff received at Lawrence, by refusing to release him from segregation or review his case.

## DISCUSSION

The Court finds it convenient to divide the complaint into five counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  First Amendment retaliation claim against Defendants Hodge, Strubhart, Stafford, and Freeman.

**Count 2:**  Civil conspiracy claim against Defendants Hodge, Strubhart, Freeman, and Stafford.

**Count 3:**  Eighth Amendment claim against Defendants for unconstitutional conditions of confinement.

**Count 4:**  Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's medical needs.

**Count 5:**  Fourteenth Amendment claim against Defendants for violation of Plaintiff's due process rights.

---

[1] Plaintiff disclosed that he is currently involved in seven other pending civil rights actions in this Court, all of which he filed during the past year.

**Count 1 – Retaliation**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable First Amendment retaliation claim (**Count 1**) against Defendants Hodge and Strubhart for striking a deal with Plaintiff to withdraw thirty-three grievances against them and others, in exchange for a transfer to the prison of his choice. Therefore, Plaintiff shall be allowed to proceed on Count 1 against Defendants Hodge and Strubhart.

However, Plaintiff's claim that Defendants Stafford and Freeman, or any other defendant, retaliated against him by ticketing him on May 15, 2013, is absurd. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

Plaintiff seems to allege that the grievance he filed against Defendants Stafford and Freeman some seven months earlier served as a motivating factor behind the ticket they issued on May 15, 2013. Plaintiff completely disregards the statements that gave rise to the ticket—statements which he included with the complaint he filed in this action. The statements, which advocate for violently beheading multiple individuals, are obviously intimidating and threatening. Plaintiff does not dispute the statements, their threatening or intimidating nature, the resulting charges, or the fact that his mail was censored. The Court cannot, as Plaintiff has done, overlook these statements as the driving force behind the disciplinary tickets and conclude that his grievance, filed seven months earlier, played any role in the issuance of the ticket. In

reaching this conclusion, the Court is mindful of the comments made by Defendants Stafford and Freeman at the time they issued the ticket.  While one or both defendants may have sifted[2] through Plaintiff's mail in retaliation for filing grievances against them, any officer faced with the statements Plaintiff made would be justified in issuing a disciplinary ticket for intimidating and/or threatening statements.  Accordingly, Plaintiff shall not be allowed to proceed against any defendant for retaliation based on the disciplinary ticket issued on May 15, 2013.  Count 1 shall be dismissed with prejudice against Defendants Stafford, Freeman, Jennings, Brooks, and Harrison.

**Count 2 – Civil Conspiracy**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable claim against Defendants Hodge and Strubhart for conspiring to retaliate against him (**Count 2**).  Therefore, Plaintiff shall be allowed to proceed with Count 2 against Defendants Hodge and Strubhart.

Plaintiff's civil conspiracy claim fails against Defendants Stafford and Freeman.  Conspiracy is not an independent basis of liability in § 1983 actions.  *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).  As the Seventh Circuit makes clear, "[t]here is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution."  *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).  In light of the fact that Plaintiff has stated no colorable claim against Defendants Stafford and Freeman, his conspiracy claim against them also fails.  Plaintiff has not asserted a conspiracy claim against the remaining defendants; however, the potential conspiracy claim

---

[2] This does not, however, give rise to a constitutional claim.  The monitoring of outgoing non-legal mail is routinely done and is constitutionally permissible.  Further, the Supreme Court has upheld as constitutional the censoring of "legal mail" by opening it in the inmate's presence, *Wolff v. McDonnell,* 418 U.S. 539, 576-577 (1974), and the inadvertent or negligent opening of an occasional legal letter is not actionable.  *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990).

against them fails for the same reason.  Accordingly, Count 2 shall be dismissed with prejudice against Defendants Stafford, Freeman, Jennings, Brooks, and Harrison.

## Count 3 –Conditions of Confinement

Plaintiff has failed to include sufficient allegations in the complaint to support an Eighth Amendment claim based on the conditions of his confinement (**Count 3**).  In order to prevail on an Eighth Amendment claim for unconstitutional conditions of confinement, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Id.*  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Plaintiff's complaint falls short of satisfying the objective component of an Eighth Amendment claim.  Plaintiff vaguely refers to a lack of hygiene products, food, and cleaning supplies (Doc. 1, p. 6).  However, he fails to provide basic details regarding the length of the deprivation, the extent of the deprivation, and the impact of the deprivation, if any, on him. Although he claims to have endured these conditions since his confinement in segregation began on May 15, 2013, Plaintiff alleges that he was transferred from Lawrence to Menard on

June 19, 2013.   Even so, Plaintiff does not explain how the conditions of his confinement changed from one institution to the next.   He merely alleges that these conditions are more fully outlined in *Widmer v. Page, et al.*, No. 13-cv-663 (S.D. Ill. July 11, 2013), a case that focuses on issues at Menard.   Without knowing where the allegedly unconstitutional conditions of his confinement end at Lawrence and begin at Menard, the Court cannot analyze Plaintiff's claims.

Beyond showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.   The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.   *Jackson*, 955 F.2d at 22.   The subjective component requires that a prison official had a sufficiently culpable state of mind.   *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124.   In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.   *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

It is not clear at this point whether Plaintiff's complaint satisfies the subjective standard for an Eighth Amendment claim.   The fact that Plaintiff filed grievances with multiple prison officials may or may not satisfy this standard at threshold (Doc. 1, p. 6).   However, because Plaintiff does not disclose the content of his grievances, it is unclear whether he put anyone on notice of the conditions or addressed some other issue instead.   Without more, Count 3 fails and shall be dismissed without prejudice against all of the defendants.

**Count 4 – Deliberate Indifference to Medical Needs**

Plaintiff's potential Eighth Amendment claim against defendants for their deliberate indifference to his medical needs (**Count 4**) also fails.  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle*, 429 U.S. at 104; *Farmer*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle*, 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).  In order to prevail on an Eighth Amendment claim, ". . . a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs."  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000); *see Farmer*, 511 U.S. at 837.  Deliberate indifference involves a two-part test.  The plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod*, 223 F.3d at 619.

It is not clear whether Plaintiff is even attempting to raise an Eighth Amendment claim against the defendants based on deliberate indifference to his medical needs.  Even assuming that he is, it is also not clear what medical condition Plaintiff attempts to address.  He mentions a hunger strike, crisis watch, and headaches.  Plaintiff made passing reference to his hunger strike and crisis watch in connection with his ability to attend a disciplinary hearing, not in reference to his need for medical attention.  His "daily headaches," while possibly rising to the level of a serious medical condition, are also mentioned without specifics addressing their duration, intensity, or persistence over time.  In addition, Plaintiff does not identify who he made aware of these headaches or who denied him treatment.  Again, without these basic allegations, the claim

fails.  Accordingly, Count 4 shall be dismissed without prejudice against all of the defendants.

**Count 5 – Due Process**

Plaintiff's due process claims (**Count 5**) fall into two categories: (1) his claim that Defendants Brooks, Jennings, and Hodge violated his right to due process at his disciplinary hearing; and (2) his claim that Defendants Hodge, Strubhart, and Harrison violated his due process rights by failing to process his emergency and other grievances.

Accepting Plaintiff's allegations as true, the Court finds that he has articulated a colorable Fourteenth Amendment due process claim against Defendants Brooks, Jennings, and Hodge, based on their roles in refusing to allow him to call witnesses at the disciplinary hearing. Plaintiff alleges that he requested permission to call witnesses on May 17, 2013, two days after the disciplinary ticket was issued (Doc. 1, p. 5).  The adjustment committee report indicates that Plaintiff's request was untimely and therefore denied by Defendants Brooks and Jennings (Doc. 1, p. 10).  Defendant Hodge approved the report.  It is difficult for this Court to conclude, at this early stage in litigation, that a request made five days before the hearing was untimely. Therefore, Plaintiff shall be allowed to proceed with this due process claim against Defendants Brooks, Jennings, and Hodge.  Because Plaintiff did not allege that any other defendants personally participated in a constitutional violation arising from the disciplinary hearing, Count 5 shall be dismissed with prejudice as to the remaining defendants.

Plaintiff has also failed to state a due process claim against Defendants Hodge, Strubhart, and Harrison, or any other defendants, for failure to process his grievances.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not,

of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Accordingly, Plaintiff's due process claim against defendants for failure to process his grievances fails and shall be dismissed with prejudice.

## PENDING MOTION

Plaintiff's motion for service at government expense (Doc. 3) shall be **GRANTED**, in part, and **DENIED**, in part. Service shall be ordered on Defendants **HODGE, STRUBHART, BROOKS,** and **JENNINGS**. No service shall be made on Defendants **STAFFORD, FREEMAN,** or **HARRISON**.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4** are **DISMISSED with prejudice** from this action for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that Defendants **STAFFORD, FREEMAN,** and **HARRISON** are dismissed with prejudice from this action.

As to **COUNTS 1, 2,** and **5,** the Clerk of Court shall prepare for **DEFENDANTS HODGE, STRUBHART, BROOKS,** and **JENNINGS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  September 26, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge