UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS

Michael Widmer, plaintiff, ) Case No. 13 cv 788 MJR-DGW
vs )
Hodge et al, defendants. )

## STATEMENT TO THE COURT

Now comes Michael Widmer, plaintiff pro-se in the above captioned case in response to the courts order of 1/15/14 and states as follows.

The court ordered me to fill out a form for recruitment of counsel but I did not receive any form as of date of this filing. The court ask me to provide a list of medications I take for my health. Currently I take blood pressure and asthma medications only. Since entering into IDOC in April 2012 and begining in May 2012 at Danville Correctional Center, I have been prescribed numerous psychotropic medications. The names I dont possess. The side effects were causing me to shake, lose my hair in clumps, pee in my pants and have siezures in my sleep. I requested to be taken off of the medications in 2013 at Lawrence Correctional Center. I do continue to see a psychologist named Dee DeLong at Menard. I want the court to know I am not dumb nor crazy. I was under a beam in 2010, while we were setting a horse back on foundation. A co worker tripped a railroad jack and the beam come down on my head. I was put into a coma in Riverside Hospital for several days. After this accident, I began having memory loss, trouble speaking and thinking. I get very upset at times because I'm being screamed at to do something and I just dont understand what is going on. I have told my psych-doctor of my conditions and plan to go to a nuerologist or brain doctor—

upon my release from prison. I will attach all relative documents to my mental conditions. I also have discussed this problem with my attorneys and signed medical release for Kankakee Riverside Hospital, where I was taken by ambulance and put in a coma. As to part 2 of this courts order, I'm listing my appointed lawyers in all 3 federal court jurisdictions of Illinois. I told my lawyers, getting to my sons and where I can get proper medical treatment is more important than winning all my cases and money. I asked to simply be given 5 months of sentence credits of which I'm eligible for so I could parole immediately and I would dismiss all 18 of my federal lawsuits with prejudice. IDOC rejected this offer. I know or believe I will win all of my cases because I can prove all of my allegations. IDOC doesn't care if they lose because its not costing them personally one dime.

Appointed Counselors:
  Northern District - Cases 13 C 6095 + 13 C 6097
    Atty - Jonathan Sherman 191 N Wacker dr
      Chicago Il 60606  1615

  Central District - Case 12-C-2234
    University of Il. School of Law - Trial Advocy Program

  Southern District of Il. 12-C-1261, 13 C 23, 13-C-24, 13-C-25, 13 C 26
    Attys - Troy Doles, Heather Lea, Kurt Struckhoff, Sean Sayers & Mark Boyko
    100 South Fourth Street, Ste 900, St Louis MO. 63102

See attached exhibits A thru H
Please recruit counsel to help me.

Respectfully,
Michael Widner
plaintiff pro se

Compilation to Filed → 2013 IDOC Lawsuits    Ex A

# Federal Court Cases Filed and Pending

## Northern District

| | | |
|---|---|---|
| Widmer vs Engleson etal; | 13 C 6095 | counsel appointed |
| Widmer vs Lt Shaw | 13 C 6097 | counsel appointed |

## Central District

| | | |
|---|---|---|
| Widmer vs Anglin etal; | 12 C 2234 | counsel appointed |

## Southern District

| | | | |
|---|---|---|---|
| Lawrence | Widmer vs Martin | 12 C 1261 | counsel appointed |
| | Widmer vs Bayler | 13 C 23 | counsel appointed |
| | Widmer vs Shehorn | 13 C 24 | counsel appointed |
| | Widmer vs Hodge + Lingle | 13 C 25 | counsel appointed |
| | Widmer vs Cecil | 13 C 26 | counsel appointed |
| | Widmer vs Hodge + Vaughn | 13 C 417 | Recently Filed |
| Menard | Widmer vs Page | 13 C 663 | " " |
| | Widmer vs Unknown | 13 C 787 | " " |
| | Widmer vs Hodge | 13 C 788 | " " |
| | Widmer vs J Kempfer | 13 C 1131 | " " |
| | Widmer vs Kilpatrick | 13 C 1154 | " " |
| | Widmer vs Lawless | 13 C 1245 | " " |
| | Widmer vs Kempfer | 13 C 1246 | " " |
| | Widmer vs Harrington etal | 13 C 1248 | " " |

```
ILLINOIS DEPARTMENT OF CORRECTIONS - OTS
              INMATE CALL PASS ISSUED

    IDOC#: B30985 WIDMER, MICHAEL L.         1 B M  MEN-W -01-05
  PRIMARY: UNASSIGNED, PARTICIPANT

DESTINATION: IN CELLHOUSE              DAY: 12/18/13   AT:  12:00 P
  PASS TYPE: MENTAL HEALTH LINE 2
   COMMENTS: D.DELONG/MENTAL HEALTH/MUST HONOR
 AUTHORIZED: BAKER, J.

  CELL HOUSE SIGNATURE:_____ TIME:_____

 DESTINATION SIGNATURE:_____ TIME:_____

         EXIT SIGNATURE:_____ TIME:_____

       RETURN SIGNATURE:_____ TIME:_____
```



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

**NANCY J. ROSENSTENGEL**
**CLERK OF COURT**

TEL: 618.482.9371
FAX: 618.482.9383

**OFFICE OF THE CLERK**
**750 MISSOURI AVENUE**
**EAST ST. LOUIS, ILLINOIS 62201**

May 24, 2013

Heather Lea, Kurt Sturckhoff, Mark G. Boyko, Sean E. Soyars and Troy A. Doles
Schlichter, Bogard, et al – St. Louis
100 S. Fourth Street, Suite 900
St. Louis, MO. 63102

Re:     Widmer v. Martin , Widmer v. Bayler , Widmer v. Shehorn , Widmer v. Hodge et al  and Widmer v. Cecil et al
Case No.    12-1261-MJR-SCW, 13-23-MJR-SCW, 13-24-MJR-SCW, 13-25-MJR-SCW and 13-26-MJR-SCW

Dear Attorney Heather Lea, Kurt Sturckhoff, Mark G. Boyko, Sean E. Soyars and Troy A. Doles:

As memorialized in an Order found at document numbers 31 (12-1261), 25 (13-23), 22 (13-24), 27 (13-25), 37 (13-26), the Court has recruited all of you to represent an indigent pro se prisoner in a civil rights case pending in this court. **Please enter your appearances on behalf of the plaintiff by 5/30/2013 per the Orders.** You should examine the docket sheet for the case on the CM/ECF system to familiarize yourself with events in the case to date. For documents not available on the electronic system, please send the clerk's office a written request for copies.

You are encouraged to enter into a fee contract with the plaintiff. **If you win at trial or settle the case, your out-of-pocket expenses must be deducted from the amount recovered on plaintiff's behalf.** If there is no recovery in the case (or the costs exceed any recovery), you may, at the conclusion of the case, electronically file a motion for out-of-pocket expenses. A request for reimbursement of out-of-pocket expenses is

WIDMER 380



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

*Same day I was put in segregation.* ↓

May 15, 2013

Mr. Michael Widmer, #B-30985
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

*Re 12 C 2234*
*Central District OF Il.*

Re: Response to Your Letter

Dear Mr. Widmer:

I have received your letter which you sent to me on May 9, 2013. I wanted to respond to a few things in your letter:

1) You mention that I have failed to comply with Court-ordered discovery in 3 cases. I am currently the opposing attorney in 5 of your federal lawsuits. <u>In Case No. 12-2234, Judge McCuskey has stayed discovery until he has made attempts to recruit an attorney to represent you</u>. In Case No. 13-23, I filed a Motion to Dismiss on behalf of the Defendant, and discovery will not commence until the Court rules on that Motion. In Case Nos. 13-24 and 13-25, I just filed Answers for the Defendants and discovery has likewise not yet begun. Lastly, in Case No 13-26, Defendants' Initial Disclosures are not due until June 6, per the Court's Order of April 23, 2013 (Doc. 32). I am not sure what discovery orders you are referring to in your letter, but I have not failed to comply with any Court orders in any of your cases.

2) You also threatened to report me to the ARDC for failing or refusing to communicate with you. I have no duty under the Rules of Professional Conduct to respond to every letter I receive from you. If you write me concerning a specific issue in one of your cases, I will be more than happy to respond and help resolve any questions. However, at this time, I do not see what you hope to accomplish by general communication. You previously sent me a long letter detailing many issues that are not relevant to these cases. While I understand you are upset and frustrated at your current situation, I need to be clear that I am defending the IDOC employees in your suit and am not

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
601 South University Avenue, Suite 102, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (877) 675-9339 • Fax: (618) 529-6416



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

representing you. To my knowledge, my clients are not taking any improper actions against you, and I have no ability to interfere with the day-to-day operations of IDOC. If you are upset with any on-going issues with IDOC employees, you can file a new grievance on those situations.

Please let me know if I can provide any further information on any of these issues.

Sincerely,

Adam G. Eisenstein
Assistant Attorney General

AGE:aa

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
601 South University Avenue, Suite 102, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (877) 675-9339

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Widmer (B-30985), <br><br> Plaintiff, <br><br> v. <br><br> Mail Room Employee, et al., <br> Defendants. | Case No: 13 C 6097 <br><br> Judge Thomas M. Durkin |

### ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The initial filing fee is waived. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The Clerk shall a send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall also: (1) dismiss Defendant Mail Room Employees, (2) issue summons for service of the complaint on remaining Defendants, and send Plaintiff a copy of this order. The U.S. Marshal is appointed to serve the Defendants. Plaintiff's motion for attorney representation [#7] is granted. The Court recruits Jonathon D. Sherman of Much Shelist, 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606, (312) 521-2687, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules. Plaintiff's motion for injunctive relief [#4] is denied without prejudice.

### STATEMENT

Plaintiff, Michael Widmer, a prisoner at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has submitted materials to the Court [#8] that satisfies Judge Shadur's August 29, 2013, order, seeking information about Plaintiff's trust account activity (showing a negative trust account balance) for the time he was imprisoned at Lawrence Correctional Center. Accordingly, the Court proceeds with its i.f.p. determination. Plaintiff's motion for leave to proceed in forma pauperis is granted and his initial partial filing fee is waived. According to the statement submitted with his in forma pauperis application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Plaintiff's place of confinement shall notify transferee authorities of any outstanding balance in

the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that legal mail he was attempting to send was returned to him for insufficient funds even though such mail is required to be sent regardless of an inmate's ability to pay postage. Plaintiff became upset about his legal mail being returned and he was placed on suicide watch in a stripped cell. A few days later, Plaintiff's legal mail was again returned to him for insufficient funds. Plaintiff again became upset and Lieutenant Shaw told Plaintiff to kill himself. Becoming even more upset, Plaintiff banged his head on the cell door. Plaintiff injured his head and was transferred into the medical unit, however, he was denied any medical or mental health treatment until the next day.

A few days later, Plaintiff sent a letter to Defendants Engelson and Lemke, asking them to investigate why his legal mail was not being sent. Neither responded to Plaintiff's letter. On August 20, 2013, Plaintiff asked Defendant Stauback for his medications that were taken away when he was placed on suicide watch. Stauback refused to give Plaintiff his medications. Plaintiff alleges that his legal mail continues to be returned to him and he is still being denied proper medical and mental health care. Plaintiff names Mail Room Employees, Shaw, Engelson and Stauback as Defendants.

Plaintiff may proceed on his denial of access to courts and deliberate indifference to his medical needs claims against Defendants Shaw, Engelson and Stauback. Defendant Mail Room Employees is dismissed because it is a non-suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the U.S. Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former a correctional employee who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the U.S. Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the U.S. Marshal. Address information shall not be maintained in the Court file, nor disclosed by the U.S. Marshal. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff also seeks attorney representation.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

The court concludes that the solicitation of counsel is warranted in this case at this time. Plaintiff avers and his allegations indicate both medical and mental health issues and ongoing denial of care for those conditions. In light of the difficulties associated with gathering needed evidence, Plaintiff's mental health issues, and the complexity of the case, Plaintiff's motion for assistance is granted. The Court recruits Jonathon D. Sherman of Much Shelist, 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606, (312) 521-2687, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules.

      Lastly, Plaintiff also moves for injunctive relief. However, Plaintiff does not support his request for injunctive relief in any manner. Thus, the motion is denied without prejudice to counsel refiling a motion for injunctive relief if counsel determines such filing is appropriate.

Date: 9/26/13

*Thomas M Durkin*

Michael L. Widmer
B30985
PO Box 1000
Menard, IL 62259

December 12, 2013

Dear Senator,

Hello, I would like to give you some facts about the current operations of the Illinois Department of Corrections. These facts raise questions as to whether Governor Pat Quinn is hiding a serious problem from the citizens of Illinois, in hope to win the upcoming 2014 election. According to the State and Federal court dockets, as well as information provided pursuant to the Freedom of Information Act, the IDOC is plagued with corruption and malfeasance. The annual report issued by the IDOC reflects an inaccurate recidivism rate, which is more than 60%, and is at an all time high, contrary to the 47% reported by IDOC. The number of lawsuits pending against the IDOC and its employees, which were filed by prisoners, employees, families of deceased prisoners and the AFSCME Union, are also at a record high according to the statistics provided through the Office of the Illinois Attorney General, who represents the IDOC.

Wexford Healthcare Incorporated, who was awarded a 10 year contract with the IDOC in 2010, is also under fire with more than 200 lawsuits pending against them, since getting the more than 1 billion dollar contract. Wexford is not monitored as to the treatment and care of prisoners, which has resulted in inadequate medical and mental healthcare of prisoners. Several class action lawsuits were recently filed against Wexford in several states, including Illinois.

One example of criminal activity resulting in solicitation of murder and murder by staff occurred at Menard Correctional Center in 2013. Corrections Officer Charles McClard was arrested on May 6, 2013 for bringing contraband into a correctional facility. McClard had been bringing cell phones among other contraband to prisoners in Menards East Cell House. After McClard's arrest, other prison guards including Officer Davis, working in Menards North 2 cell house, solicited several prisoners for murder by telling other prisoners they were snitches. This resulted in 2 prisoners, Jason Hall and "Egypt" who where celled with other prisoners, who then murdered them. The prisoner known as "Egypt" was in North 2, cell 651 was told by Davis for all surrounding prisoners to hear, that he was going to be killed. Egypt was then killed by his cellmate. Another IDOC prison guard Dwayne Meeks made deals with a prisoner to sell the prisoner eight AR15 rifles for $18,000. The prisoner went to the FBI and upon delivering the weapons Meeks was arrested on May 29, 2013. These are only two recent examples of IDOC corruption.

I'm an inmate in IDOC at Menard. I am serving a five year sentence for intimidation. I have less than 1 year to serve and I am being brutally retaliated against for reporting my observations to the public. In 2013 I filed 16 Federal lawsuits against the IDOC. All of my lawsuits were granted on the merits by five separate Federal Judges, in three US District Court jurisdictions. Six private attorneys and the University Of Illinois School Of Law have been appointed to represent me. I would also point out that IDOC Director Salvador Godinez was the Warden at Stateville Correctional Center in the early 90's when the now infamous Richard Speck video tapes were recorded. The tapes showed prisoners engaging in

homosexual activity and illegal drug use. The tapes aired on National Media in 1995, which sparked prison reform and Godinez was forced to resign from the IDOC. I have authored multiple letters, which were sent via certified US Mail to IDOC Director Godinez, IDOC Operations Director Jesse Montgomery, Governor Pat Quinn and not a single response was given to me.

It is your tax money being used to defend these state government employees who have a base pay of $26.05 per hour. Many who make over $100,000 per year as Correction Lieutenants. By reporting this information, I would hope you will realize my life is now in grave danger and take action to demand answers. I have additional information to support my allegations as well. The following cases are currently pending in Federal Court, filed by myself:

**Northern District of Illinois**
Widmer v. Engelson  13C6095
Widmer v. Lt. Shaw  13C6097

**Central District of Illinois**
Widmer v. Anglin etal:  12C2234

**Southern District of Illinois**
Widmer v. Martin  12C1261
Widmer v. Bayler  13C23
Widmer v. Shehorn  13C24
Widmer v. Hodge & Lingle  13C25
Widmer v. Cecil  13C26
Widmer v. Page  13C663
Widmer v. Unknown  13C787
Widmer v. Hodge  13C788
Widmer v. J. Kempfer  13C1131
Widmer v. Kilpatrick  13C1154
Widmer v. Rich Harrington  13C 1248

The Illinois Department of Corrections employees encourage prisoners to sue them, stating it makes them look good. I am only one of more than 75,000 Illinois prisoners and parolees. You will not hear about this from IDOC or your Governor, as they don't want you to have this type of information. Please investigate and respond.

Sincerely
*Michael Widmer*
Michael Widmer



**Illinois
Department of
Corrections**

PAT QUINN
Governor

S.A. GODINEZ
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

February 25, 2013

Michael Widmer
Register No. B30985
Lawrence Correctional Center

Dear Mr. Widmer:

This is in response to your grievance received on June 7, 2012, regarding a disciplinary report dated May 3, 2012, which was alleged to have occurred at Jacksonville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Offender Widmer grieves his disciplinary report was not heard in the 14 day timeframe as required. He claims he did not use profanity in the healthcare unit or say anything regarding AW Jackson.

This office has reviewed the disciplinary report, 201201205, written by J. Burtle, citing you for the offenses of 208-Dangerous Communications, 304-Insolence, and 404-Violation of Rules (talking in Healthcare Unit). A review of the Adjustment Committee summary indicates you were found guilty of 208, 304, 404. Recommended discipline was: 1 month C-grade, 1 month Segregation, 1 month Commissary Restriction, Transfer. The Chief Administrative Officer concurred with the recommendation on June 4, 2012.

Offender Widmer was served a copy of the ticket on May 4, 2012. The Adjustment Committee Hearing was held on June 1, 2012.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends the disciplinary report, 201201205, be expunged due to non-compliance with DR504.80.

FOR THE BOARD: _Sarah Johnd_  *After I was punished*
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

I concur. The Adjustment Committee at Jacksonville Correctional Center shall proceed accordingly.

_____
S.A. Godinez
Director
2/27/13

cc: Warden, Lawrence Correctional Center
    Record Office, Lawrence Correctional Center
    Adjustment Committee, Jacksonville Correctional Center
    Michael Widmer, Register No. B30985



**Illinois Department of Corrections**

PAT QUINN
Governor

S.A. GODINEZ
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

February 25, 2013

Michael Widmer
Register No. B30985
Lawrence Correctional Center

Dear Mr. Widmer:

This is in response to your grievance received on June 7, 2012, regarding a disciplinary report dated May 27, 2012, which was alleged to have occurred at Danville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report, 201201252, written by G. Runyan, citing you for the offenses of 206-Intimidation or Threats, 304-Insolence, 403-Disobeying a Direct Order. A review of the Adjustment Committee summary indicates you were found guilty of 206 and 304. Recommended discipline was: 1 months C-grade, 1 months Segregation, 1 months Commissary Restriction. The Chief Administrative Officer concurred with the recommendation on June 4, 2012.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends the disciplinary report, 201201252, be expunged as the charges are not substantiated.

FOR THE BOARD: _Sarah Johnson_     *After I was Punished*
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

I concur. The Adjustment Committee at Danville Correctional Center shall proceed accordingly.

S.A. Godinez
Director
2/21/13

cc: Warden, Lawrence Correctional Center
Record Office, Lawrence Correctional Center
Adjustment Committee, Danville Correctional Center
Michael Widmer, Register No. B30985

SCANNED AT MENARD and E-mailed
1/23/14 by [initials] B pages
RECEIVED JAN 23 2014

B30985 Michael Widmer, plaintiff,
MENARD CORRECTIONAL CENTER
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
E ST LOUIS

)
)
)
)
) Case No. 13 C 788 MJR-DGW
)
VS )
)
Hodge et.al, )
defendants )
)

Dear Clerk,

Please file the attached Statement To Court and exhibits in the above captioned case.

Sincerely,
plaintiff pro se,
Michael Widmer

2