IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WIDMER,                          )
                                         )
         Plaintiff,                      )
                                         )
    v.                                   )        Case No. 3:13-cv-788-NJR-DGW
                                         )
MARC    HODGE,    CHAD    JENNINGS,)
GREGG BROOKS, and JEFF STRUBHART, )
                                         )
         Defendants.                     )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the "Motion for Continuance of Discovery" filed by Plaintiff, Michael Widmer, on October 23, 2014 (Doc. 59), the Motion to Continue Discovery Deadline filed by Plaintiff on October 23, 2014 (Doc. 60), the Motion for Sanctions filed by Defendants on November 6, 2014 (Doc. 63), and the Motion to Withdraw Motion for Sanctions filed by Plaintiff on November 14, 2014 (Doc. 64).

In the first two motions, Plaintiff seeks an extension of the October 24, 2014 discovery deadline to propound a third request for production of documents and interrogatories.  Plaintiff states that he intends to serve these requests on Defendants during his scheduled deposition, which occurred on October 23, 2014.  Plaintiff further states that Defendants have not responded to discovery requests served on July 7, 2014.  The Motions are **GRANTED IN PART**, as to the discovery deadline which is extended to **December 8, 2014**.  To the extent that Plaintiff is seeking to compel discovery responses, the Motion is **DENIED WITHOUT PREJUDICE**.  If Plaintiff served but did not receive responses to discovery requests he may file a motion that should contain a copy of the discovery requests and proof of service.

Defendants seek sanctions for Plaintiff failure to take part in a deposition scheduled for October 23, 2014.   Plaintiff indicated, at the deposition, that he was being threatened by a third party, Sergeant Roger Pelker (Doc. 63-1, p. 6).   Thereafter, Plaintiff declined to answer questions. Defendants seek dismissal of this lawsuit (plus expenses) or, in the alternative, that discovery be extended until Plaintiff's deposition can be taken.    In response (which Plaintiff labeled "Motion to Dismiss Motion for Sanctions"), Plaintiff indicates that he feared for his life because of threats made by Sergeant Pelker.   Plaintiff further represents that he is scheduled to be paroled on December 26, 2014.

Federal Rule of Civil Procedure 30 governs the manner in which depositions will occur. The Rule provides that "the examination and cross-examination of a deponent proceed as they would at trial . . ." and that while objections may be noted, "the examination still proceeds; the testimony is taken subject to any objection."   FED.R.CIV.P 30(c)(1) and (2).   There are only three instances when a deponent may not answer a question: when it is necessary to preserve a privilege, when the Court has imposed a limitation, or when the party intends to file a Rule 30(d)(3) motion. *Id.* at 30(c)(2).   A Rule 30(d)(3) motion can be filed to terminate a deposition if it is conducted in bad faith or if it is conducted in a manner "that unreasonably annoys, embarrasses, or oppresses the deponent or party."   If a deponent "impedes, delays, or frustrates the fair examination," this Court may impose sanctions including reasonable attorney fees and costs.   *Id.* at 30(d)(2).   Plaintiff has not filed a Rule 30(d)(3) Motion.   However, in his deposition, he did indicate that he seeks guidance from the Court on how to proceed in light of his fears.

In light of Plaintiff's statements during his deposition, that it would be oppressive, and his impending release date, sanctions will not be imposed at this time.   Defendants are **GRANTED** until **January 30, 2015** to depose Plaintiff (the parties will note that the general discovery deadline

has only been extended to December 8, 2014).  The dispositive Motion filing deadline also is extended to **February 27, 2015**.

Plaintiff is **WARNED** that the failure to fully cooperate with the scheduling and the taking of his deposition shall result in a recommendation that sanctions be imposed, including but not limited to dismissal of this lawsuit and the imposition of monetary sanctions.  Once Plaintiff is released from prison, he should make every effort to keep this Court and Defendants' counsel aware of his address.

For the foregoing reasons, the "Motion for Continuance of Discovery" (Doc. 59) is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**, the Motion to Continue Discovery Deadline (Doc. 60) is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**, the Motion for Sanctions (Doc. 63) is **DENIED WITHOUT PREJUDICE**, and the Motion to Withdraw Motion for Sanctions (Doc. 64) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: November 24, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**